IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>MIDDLE DIVISION</u>

| | |
|---|---|
| KARAN DENISE DANIEL, | ) |
| | ) |
| Movant, | ) |
| v. | ) CR. NO. 02-B-121-M |
| | ) CV. NO. 05-B-8001-M |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

<u>MEMORANDUM OF OPINION</u>

Karen Denise Daniel has filed objections to the Magistrate Judge's Findings and Recommendation filed on January 9, 2007. Ms. Daniel argues in her objections that the court was not aware at sentencing of the abuse that Ms. Daniel suffered in the Bibb County Jail while awaiting sentencing. She states that she has permanent retinal damage to both eyes which causes her to see black spots and makes it difficult for her to drive a prison vehicle and to perform her prison job of typing and correcting United States patents on a computer forty hours a week. She maintains that as a result of the abuse at Bibb County, she takes medication daily for depression and anxiety.

Had the court been informed at sentencing that while in federal custody at the Bibb County Jail Ms. Daniel had been deprived of her blood pressure medication for several weeks because she refused to show the guard her breasts and had suffered permanent eye damage due to the denial of her medication, the court would have found this presentence condition of confinement does not entitle her to a downward departure.

While the deprivation of medication as well as the guard's requiring Ms. Daniel to show her breasts are extremely troubling, the conduct was brief and apparently without the knowledge of the

United States Marshal Service while it was occurring. [1/]  The court agrees with the magistrate judge that neither the conduct nor the trauma Ms. Daniel suffered was so extraordinary as to warrant a downward departure.

The court is not swayed by Ms. Daniel's representation that as a result of the abuse she suffered she now takes medication for depression and anxiety. According to the November 12, 2002 Presentence Investigation Report, Ms. Daniel "indicated that she has always struggled with depression" and "has been prescribed Prozac and Paxil previously, but is currently taking Zoloft." (Doc. #2, attachment 6, p.10).  According to her November 27, 2002 objections to the Presentence Investigation Report Ms. Daniel "has suffered with depression her entire life and has been regularly prescribed Prozac, Zoloft and Paxil."  (Doc. #2, attachment 7, p. 5).

Ms. Daniel also states in her objections that she wished to preserve the enhancement issue until after the Supreme Court rules on the *Waddington* case.  It appears that Ms. Daniel is referring to *Burton v. Waddington*, __ U.S. __, 126 S.Ct. 2352, 165 L.Ed.2d 278 (2006) (granting petition for writ of certiorari) which was decided on January 9, 2007.  The Court declined to determine whether the decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),

---

[1/]   Daniel alleged in her § 2255 motion that:

> If the Marshal Service would have conducted a background search or check on the reported guard at Bibb County, it would have been discovered he had been convicted previously of sexual misconduct.  The Marshal service was continually contacted and they never intervened. (Exhibit K).

(Doc # 1, p. 21).

Exhibit K is a copy of the civil complaint filed on July 9, 2004 against the Sheriff of Bibb County and various jailers and a newspaper article published on August 27, 2004.  Neither the complaint nor the newspaper article states that the guard at issue had previously been convicted of sexual misconduct or that the Marshal Service was contacted during the period that Daniel was being required to show her breasts and/or being deprived of her blood pressure medication.

announced a new rule and, if so, whether it applied retroactively on collateral review.  *Burton v. Stewart*, _____ U.S. _____, 127 S.Ct. 793, _____ L.Ed.2d _____ (2007).

Daniel's objections are hereby **OVERRULED**.  A separate Judgment consistent with this Memorandum of Opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the 8th day of March, 2007.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE